IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                             OPINION AND ORDER

                Plaintiff,

                                                                             3:08-cv-00021-bbc
                                                                             03-CR–110-C

        v.

TEK NGO,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Tek Ngo has filed a motion for postconviction relief pursuant to 28 U.S.C. § 2255, alleging that he was denied the effective assistance of counsel at his remanded sentencing and that he is entitled to a modification of his sentence because he is not a career offender. The motion is timely because it was filed within a year after the United States Supreme Court denied defendant's petition for a writ of certiorari. Clay v. United States, 537 U.S. 522, 27 (2003).

      Defendant was sentenced in this court after he was found guilty by a jury of conspiring to distribute methamphetamine and distributing methamphetamine. At sentencing, he was found to be a career offender over his objections that his two armed

1

robbery convictions were related and should not be counted separately. (Under USSG § 4B1.1, a defendant is a career offender if he is at least 18, his offense is a controlled substance offense and he has at least two prior felony convictions of either a crime of violence or a controlled substance offense.) Defendant appealed, arguing that in concluding that his prior offenses were not related, the court had engaged in improper fact finding. The court agreed with defendant that such findings of fact by the court were improper if the court was operating under a mandatory guidelines system. However, between the time defendant filed his appeal and the court's decision, the United States Supreme Court had decided United States v. Booker, 543 U.S. 220 (2005), in which it held that so long as a sentencing court viewed the guidelines as advisory and not mandatory, it could constitutionally engage in fact finding in determining the proper sentence to impose.

The court of appeals remanded defendant's case to this court with directions to advise it whether it would have imposed the same sentence had it known it was not bound by the guidelines. After hearing from the parties, I advised the court of appeals that I would have imposed the same sentence. The court of appeals affirmed defendant's sentence.

OPINION

In his motion, defendant raises two arguments, neither of which has any merit. First, he argues that his court-appointed counsel was constitutionally ineffective because he failed

2

to object at the resentencing to the court's authority to determine the career offender status by a preponderance of the evidence and because he failed to challenge the drug quantity finding. Second, defendant argues that under U.S.S.G. Amendment 709 he is entitled to a modification of his sentence because he is not a career offender.

As to the first argument, it would have been pointless for counsel to have challenged the court's authority to make the finding of career offender status after the court of appeals had held that the court did have such authority under an advisory guideline system. It would have been equally futile for counsel to have challenged a drug quantity finding because no such finding was made on remand. Once defendant was determined to be a career offender, the drug quantity amounts became irrelevant to the guidelines calculation. USSG § 4B1.1(b) ("if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level . . . in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.")

As for defendant's second point, that he is entitled to a modification of his sentence, the court of appeals has upheld this court's determination that he is a career offender. Therefore, he cannot qualify for a modification of his sentence that rests on his *not* being a career offender. Moreover, Amendment 709 is effective as of 2007; defendant was sentenced in 2004 and his sentence was confirmed in 2005. Unless Amendment 709 were made retroactive, it would not cover him even if he had not been found to be a career

3

offender.

## ORDER

IT IS ORDERED that defendant Tek Ngo's motion for postconviction relief pursuant to § 2255 is DENIED.

Entered this 31st day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge